IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

JASON JURIEL CALDERON-CASTILLO

Case No. 25-169 (M)

**MEMORANDUM AND ORDER**

On February 28, 2025, Jelson Juriel Calderón-Carrasquillo was arrested and charged by criminal complaint for violations of 18 U.S.C. § 1201(a) and (g) (kidnapping of a minor) and 18 U.S.C. § 2423(a) (transportation of a minor with intent to engage in criminal sexual activity). Defendant was brought before the Court for a Preliminary Hearing on March 10, 2025. At the conclusion of the hearing, I took the matter under advisement. For the reasons discussed below, I find probable cause that Defendant violated 18 U.S.C. § 1201(a) and (g), and 18 U.S.C. § 2423(a).

    A.    Preliminary Hearing Standard

Under Rule 5.1 of the Federal Rules of Criminal Procedure, a defendant charged with a felony is entitled to a preliminary hearing within fourteen (14) days after his initial appearance. "A preliminary hearing under Fed.R.Crim.P. 5.1 is narrow in scope. Its purpose is solely to test whether probable cause exists as to the offense charged. It is not a discovery mechanism for the defendant and is not a trial to determine guilt or innocence. […] [P]robable cause may be found where there is a 'fair probability,' based on the totality of the circumstances, that a defendant committed the offense charged." United States v. Balestier-Sanches, 2014 WL 993551 at *1 (D.R.I., Mar. 13, 2014) (citing United States v. Mims, 812 F.2d 1068, 1072 (8th Cir.1987) and United States v. Gómez, 716 F.3d 1, 9 (1st Cir. 2013)).

It follows that "[t]he government's burden to establish probable cause at this preliminary stage is low." Id. According to the U.S. Supreme Court in Gates, the concept of probable cause is a "practical, non-technical" one. Illinois v. Gates, 462 U.S. 212, 231 (1983) (citation omitted). It is a matter of probabilities—not hard certainties—and the Court must consider such probabilities

1

considering "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. (quoting Brinegar v. United States, 338 U.S. 160, 175 (1949)). "Both circumstantial evidence and the reasonable inferences drawn from it can support a finding of probable cause." Balestier-Sanches, 2014 WL 993551 at *1 (citing United States v. Swope, 542 F.3d 609, 616 (8th Cir. 2008) and United States v. Hilario, 2009 WL 2913957 at *1 (D.R.I., Sept. 9, 2009)). Except for the rules on privilege, the Federal Rules of Evidence are not applicable at preliminary hearings. Fed.R.Evid. 1101(d)(3). "A finding of probable cause may rest upon evidence which is not legally competent in a criminal trial." United States v. Ventresca, 380 U.S. 102, 107 (1965) (citations omitted). And, as firmly established, may also be based, in whole or in part, on hearsay evidence. See 1972 and 2002 Advisory Committee Notes to Fed.R.Crim.P. 5.1.

      B.     Discussion

The Government called Special Agent of the Federal Bureau of Investigation ("FBI") Ingrid Pérez. Agent Pérez adopted in full the contents of the affidavit submitted by her in support of the criminal complaint. Docket No. 1-1. According to the affidavit, on February 27, 2025, the FBI learned that a 14-year-old minor was kidnapped from a street in San Juan. The minor indicated to the investigating agents that, at approximately 12:20 p.m., she was walking home from school when she was grabbed by an individual and forced into a car. The minor identified the car as a black SUV and provided the agents the first three letters of the license plate of the car, which were "JIT." The minor also indicated that she saw documents in the car with the name of "Jelson Calderon Carrasquillo." The minor informed the agents that she was penetrated vaginally and anally by the individual and that he recorded the acts with his cellphone device.

As explained in the affidavit, the FBI reviewed a surveillance video of the area where the events took place. At 12:17 p.m., the minor could be seen walking in the video. A black SUV could also be seen driving at slow speed. The affidavit contains a still image of the video with the black SUV. An open-source database check on the identifiers provided by the minor revealed the name of the Defendant as a registered owner of a 2020 Black Dodge Durango with tag number of **JIT**611. As testified by agent Pérez, on that same day at 4:00 p.m., the Bayamón Municipal Police and the FBI conducted a surveillance of Defendant's address. They saw a vehicle matching the description of the investigation and confirmed the vehicle's tag number. The police attempted a traffic stop, the driver did not comply but was eventually stopped and arrested.

Agent Pérez testified that, during the interview with the investigating agents, the minor informed that the aggressor used a black firearm to force her into the vehicle. And that, after a search

2

of Defendant's vehicle, agents recovered a black gun (see Government Exhibits 1-2), two cellphones belonging to Defendant, and a series of envelopes addressed to Defendant (see Government Exhibit 3). Agent Pérez was present during part of the search of Defendant's vehicle and identified the firearm and the envelopes in Government Exhibits 1-3 as those seized from Defendant's vehicle.

Defendant did not object to the testimony of agent Pérez but at the conclusion of the hearing moved the Court for a finding of no probable cause as the testimony of agent Pérez was based on hearsay. But the purpose of the preliminary hearing under Rule 5.1 is to determine whether there is probable cause to detain a defendant until grand jury proceedings. See Fed.Crim.P. 5.1(a); United States v. Pérez, 17 F. Supp. 3d 586, 593 (S.D. Tex. 2014). In that sense, the same determination is made both in a preliminary hearing under Rule 5.1 and a grand jury proceeding. Wright and Leipold, 1 Federal Practice and Procedure at § 92. Because a grand jury indictment may be based on hearsay, "there is practical advantage in making the evidentiary requirements for the preliminary examination as flexible as they are for the grand jury." United States v. Tuell, 2024 WL 1333045, at *1 (N.D. Okla., Mar. 27, 2024) (citing Fed.R.Crim.P. 5.1 and 1972 Advisory Committee Note to Rule 5.1). As such, a finding of probable cause in this case may be based in whole or in part on hearsay. Be that as it may, there is significant evidence obtained prior to Defendant's arrest, and subsequently through a search warrant, to corroborate the information provided by the minor to law enforcement. For instance, (1) the surveillance video obtained by the FBI showed the presence of a slow moving black SUV in the same place, and on the day and time, in which the minor was kidnapped, (2) the first three letters of the vehicle's tag number identified by the minor coincided with the first three letters of the tag assigned to a black SUV, (3) the name identified by the minor in the documents seen in the vehicle matched the name of a person with a registered black SUV, and (4) a black firearm and envelopes addressed to Defendant were seized from Defendant's black SUV. See Pérez, 17 F. Supp. 3d at 593 (citing 24 J. Moore, *Moore's Federal Practice—Criminal Procedure* § 605.1.03 (2014) ("The inquiry is not a retrospective one as to whether there was probable cause at the time of arrest. Rather, it is an assessment of whether there is probable cause at the time of the hearing, and thus it may include an evaluation of evidence gathered subsequent to the formal arrest.")).

    C.    Conclusion

Considering the information provided by the minor victim to the investigating agents and the examination of the surveillance video by the FBI, as well as agent Pérez's testimony with respect to the items seized from Defendant's vehicle, I find that there is a fair probability based on the totality of the circumstances that Defendant kidnapped the 14-year-old minor at gun point and transported

the minor in a vehicle against her will to engage in criminal sexual activity. I find probable cause that the Defendant committed the charged offenses under 18 U.S.C. § 1201(a) and (g), and 18 U.S.C. § 2423(a).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 18th of March, 2025.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
